## IN THE CIRCUIT COURT FOR WICOMICO COUNTY, MARYLAND

| | |
|---|---|
| CAROLYN ADKINS<br>4733 Snow Hill Road<br>Salisbury, MD 21804<br><br>    Plaintiff,<br>v.<br><br>WALMART, INC. d/b/a<br>SAM'S CLUB,<br>701 South Walton Blvd.<br>Bentonville, AR 72716<br><br>Serve: Registered Agent<br>     The Corporation Trust, Inc.<br>     2405 York Road<br>     Suite 201<br>     Lutherville Timonium, Maryland 21093<br><br>    Defendant. | *<br><br>*<br><br>*       Case No.: C-22-CV-21-000144<br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* |

\* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Carolyn Adkins ("Plaintiff"), by FERGUSON, SCHETELICH & BALLEW, P.A., Peter J. Basile and Daniel S. Baurer, her counsel, and respectfully moves this Honorable Court for judgment against the Defendant Walmart, Inc. d/b/a Sam's Club ("Defendant"), and states as follows:

1.   Plaintiff Carolyn Adkins is a citizen of Maryland and a resident of Salisbury, which is located in Wicomico County.

2.   Defendant is headquartered in Bentonville, Arkansas. It owns and operates hundreds of stores nationwide, and approximately 10 in Maryland; including Store Number 0383 at 2700 N. Salisbury Blvd, Salisbury, Maryland, and which includes the parking lot where the events giving rise to this lawsuit occurred (hereinafter "Premises").

3. On or about November 15, 2019 the Plaintiff was lawfully and properly on the Premises.

4. At all times material and relevant herein, Defendant owned, maintained and controlled the Premises.

5. At all times material and relevant herein, the Plaintiff was a business invitee of Defendant.

6. At all times material and relevant herein, Defendant owed a duty of care to its business invitees, including the Plaintiff and others on its Premises, which duty includes, but is not limited to a duty to inspect the Premises for hazards; a duty to maintain the Premises and in particular the common areas in a reasonably safe condition, and free from dangerous or hazardous conditions; and a duty to warn its business invitees, including the Plaintiff of any unsafe or dangerous condition, which the Defendant knew or should have known existed on its Premises.

7. Defendant breached the duty of care that it owed to its business invitees, including Plaintiff by among other things:

> (a) Causing and/or permitting a bolt to protrude from the pavement in such a manner as to create a tripping hazard for persons walking in the parking lot, specifically in or adjacent to the area where the shopping carts are returned and retrieved, which is a heavy foot-trafficked area of Defendant's Premises;
>
> (b) Failing to properly inspect the parking lot for hazardous conditions including the protruding bolt;
>
> (c) Failing to properly maintain the parking lot; and
>
> (d) Failing to warn its business invitees, including the Plaintiff of the existence of the bolt in the parking lot, which was not an open and obvious danger and which the Plaintiff could not avoid.

8. This protruding bolt created an unsafe and dangerous condition. See a photograph attached as **Exhibit A.**

9. Defendant by and through its agents negligently owned, operated, maintained, and/or controlled the Premises, resulting in the creation of an unsafe, dangerous condition on the Premises, which the Defendant knew or should have known existed prior to November 15, 2019.

10. Defendant by and through its agents, negligently created and/or maintained the Premises, which resulted in the existence of an unsafe and dangerous condition on the Premises.

11. Defendant by and through its agents negligently failed to warn the Plaintiff of the aforementioned unsafe, dangerous condition, which was not open and obvious and/or was unavoidable.

12. As a result of the negligent acts of the Defendant and its agents, the Plaintiff, tripped and fell and suffered permanent, serious injuries.

13. The negligence of the Defendant and its agents proximately and actually caused the Plaintiff's injuries and damages.

14. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages including, but not limited to:

   a. Bodily injuries both permanent and nonpermanent in nature which have affected Plaintiff's health;
   b. Past, present, and future physical pain;
   c. Past, present, and future mental anguish;
   d. Past, present, and future disfigurement, deformity, and associated humiliation and embarrassment
   e. Past, present, and future inconvenience;
   f. Past, present, and future medical expense;
   g. Other out-of-pocket expenses and damages resulting from this occurrence.

15. All of the injuries complained of and set forth in the preceding paragraphs are the direct and proximate result of the Defendant's negligence in and about the maintenance, repair, construction, and control of the Premises, and the Defendant's failure to warn Plaintiff of the hazards at the time and place aforesaid, without fault on the part of the Plaintiff.

WHEREFORE, Plaintiff moves this Court for Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, and plus interest and costs,

FERGUSON, SCHETELICH & BALLEW, P.A.

By: */s/ Peter J. Basile*
Peter J. Basile
CPFN: 9012180031

By: */s/ Daniel S. Baurer*
Daniel S. Baurer
CPFN: 1212110062
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
(410) 837-2200
(410) 837-1188
pbasile@fsb-law.com
dbaurer@fsb-law.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff elects to have the above-entitled case tried before a jury.

*/s/ Peter J. Basile*
Peter J. Basile
CPFN: 9012180031
*Attorney for Plaintiff*

## CERTIFICATE REGARDING RESTRICTED INFORMATION

Pursuant to Maryland Rule 20-201(h), I HEREBY CERTIFY THAT this submission does not contain restricted information.

/s/ Peter J. Basile
Peter J. Basile
CPFN: 9012180031
*Attorney for Plaintiff*